UNITED STATES DICTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


Hugo Alfonso Sanchez-Gonzalez
    Plaintiff,

                               Civil Action No. 25-cv-01035(FAB)

    v.


Warden of MDC Guaynabo
    Respondent
_____/


**AMENDED COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, PETITIONER, through the undersigned attorney, and very respectfully STATES, ALLEGES AND PRAYS:

1.    This court has subject matter jurisdiction over the claims alleged in this Petition pursuant to 28 U.S.C. Sec. 1331, as they arise under federal statute 28 U.S.C. Sec. 2241(habeas corpus).

2.    This court has jurisdiction pursuant to 28 U.S.C. Sec. 2241 to hear an habeas corpus based upon the incorrect application of law to a calculation of earned time credits that would result in the petitioner's more proximate date of release from confinement to supervision under the First Step Act.

3. Venue is proper because the acts narrated occurred within the geographic delimitation of this district and because the petitioner is incarcerated at MDC-Guaynabo.

4. The petitioner Hugo Alfonso Sanchez-Gonzalez was sentenced on November 14, 2018 in the Southern District of California to a term of imprisonment of 120 months.

5. The petitioner is a Mexican national.

6. The petitioner earned time credits totaling the maximum allowed of 365 days pursuant to the First Step Act per 18 U.S.C. Sec 3632(d)(4).

7. These credits were applied towards the petitioner's sentence and he received documentation recognizing the accreditation of 365 days to his prison sentence with a release date no later than July 20, 2025.

8. While the petitioner was incarcerated in MDC Guaynabo he received a notice from the facility staff that his previously credited earned time credits would be discredited because he was subject to a final order of removal.

9. The basis for such determination was a DHS Form I-247 Immigration Detainer and Notice of Action which was received at the Guaynabo Metropolitan Detention Center of the BOP. There is no record of the date in which the detainer was received.

10. The staff notified petitioner that the received form indicated that a final order of removal had been issued against him. See DHS Form I-247A attached.

11. The form also indicated the "detainer arises from DHS authorities and should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters.

12. The detainer was signed by Deportation Officer Vicente Torres on September 4, 2019.

13. Notwithstanding the explicit language of the detainer that it should not impact decisions regarding the petitioner's release date, the staff at MDC Guaynabo considered that the detainer was sufficient evidence of the existence of a final order of removal, or that the petitioner was subject to a final order of removal, or that the detainer itself was an order of removal for purposes of 18 U.S.C. Sec. 3632(d)(4)(E)(i).

14. The Bureau of Prisons never provided the petitioner with a copy of a final order of removal in his name or under alien number A-205-061-550.

15. The petitioner has never received notice of the commencement of immigration proceedings against him or under alien number A-205-061-550.

16. The petitioner has never received notice of a final order of removal issued against him or under alien number A-205-061-550.

3

15.     The staff from the Bureau of Prisons determined that pursuant to 18 U.S.C. Sec. 3632(d)(4)(E)(i) the earned time credits calculated and previously credited towards the prisoner's to supervision had to be un-credited because the detainer indicated that the petitioner was subject to a final order of removal.

16.     His release date was adjusted from July 20, 2025 to July 20, 2026.

17.     Title 18 U.S.C. Sec. 3632(d)(4) codifies the portion of the First Step Act which provides for additional earned time credits based on the inmates' participation in recidivism reduction programming and productive activities. Credits earned under the provision can be credited toward supervision release. However, credit earned may not be credited "if the prisoner is subject to a final order of removal under any provision of the Immigration laws. 18 USC §3632(d)(4)(E)(i).

18.     The Bureau of Prisons rolled back the accreditation solely upon the holding that the detainer was sufficient to conclude that the petitioner was subject to a final order of removal and thus trigger the prohibition in 18 USC §3632(d)(4)(E)(i).

19.     The only basis invoked by the BOP to revert the accreditation of the calculated credits was that the detainer conclusively showed that the petitioner was subject to a final order of removal.

20.     There are no other legal of factual outstanding issues.

4

21.    On July 1, 2024 petitioner commenced a series of three appeals with the staff at the Bureau of Prisons which are described in more detail in AO Form 242 attached and incorporated into this pleading.

22.    All of the appeals challenge the Bureau of Prisons' determination that the detainer was sufficient evidence to find that the petitioner was subject to a final order of removal under any of the provisions of Immigration Laws under 18 USC §3632(d)(4)(E)(i).

23.    The petitioner has demanded that the staff produce a copy of the final order of removal, but the agency has continuously stated the averment in the detainer was sufficient evidence.

24.    The petitioner demanded in administrative proceedings that the staff at the BOP reinstate his FSA and FTC previously earned time credits and that his release date be adjusted by reducing the 365 days that he had earned under the FSA.

25.    The last of these appeals to the BOP was made on July 25, 2024. It was denied on August 26, 2024. On September 17, 2024 petitioner filed a Regional Administrative Remedy Appeal. On April 25, 2025, the Regional Director responded that **"a careful review of your records reflect you currently do not have a final order of removal under immigration laws and are eligible to earn First Step Act time credits"**. (Our emphasis). It goes on to state that as of March 2, 2025 he has accrued 2104 program days and 365 Federal Time Credits towards release and has

410 days towards RRC/HC. See Regional Administrative Remedy Appeal No. 1209958-R1 Response herein attached. Due diligence on the part of undersigned has confirmed there is no final order of removal nor any pending proceedings related to a final order of removal.

26.    On May 28, 2025, the Federal Bureau of Prisons issued a Directive to Expand Home Confinement, Advance First Step Act. In this Directive BOP staff is instructed to make home confinement a priority for qualifying individuals. They are further instructed to use FSA to guide prerelease planning and ensure accurate and timely referrals. This issuance does not specifically exclude individuals such as petitioner who have an immigration detainer. See attached BOP Directive.

27.    The petitioner has effectively exhausted all available and required administrative remedies with the BOP before bringing this suit.

28.    In the alternative, exhaustion of administrative remedies would be futile because the staff at the BOP has steadfastly determined that 1) an immigration detainer that refers to the existence of a final order of removal is conclusive evidence of the existence of a final order of removal and 2) that a detainer indicating that reasonable cause exists that the alien is removable alleging the existence of a final order of removal triggers the prohibition in 18 USC §3632(d)(4)(E)(i).

29.    Hence, there is no additional factual or administrative finding that would be available to the petitioner to petition under the administrative remedial

scheme to contest or challenge the determination that the detainer and its averments, without an actual final order of removal, are sufficient to trigger 18 USC §3632(d)(4)(E)(i).

30.    Although we maintain that petitioner has indeed exhausted all administrative remedies, the exhaustion of any available administrative remedies would be futile and should be excused. *See* Sierra v. Jacquez 22-cv-1509, Western District of Washington, order of December 27, 2022 at p. 5-6.

31.    Relief under 28 USC §2241 is available to review the BOP's execution of the inmate's sentence.

32.    The First Step Act grants substantial relief in the form of earned time credits that are legally required to be applied towards supervision release. 18 USC §3632(d)(4).

33.    If the court grants habeas corpus relief, then the petitioner would have to wait no later than July 20, 2025 so that he can be removed or deported by the Department of Homeland Security or released to supervision.

34.    If the court does not grant habeas corpus relief, then the petitioner would have to wait until at least July 20, 2026 as the earliest date that he can be removed from the jurisdiction or released to supervision.

**WHEREFORE**, it is respectfully requested from this Honorable Court that it

      a)    order the Bureau of Prisons to revert to the release date

calculation that credited the earned time credits under the

First Step Act;  and

b)    that it issues declaratory judgement that a detainer that

alleges the existence of a final order of removal:

1) is not evidence of the existence of a final order of removal

issued by an immigration judge;

2) is not evidence that an inmate is subject to a final order of removal;

3) is not the equivalent of a final order of removal under any

provision of the Immigration laws;

pursuant to the Immigration laws: within the meaning of 18

USC §3632(d)(4)(E)(i).

## RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 27th day of June, 2025.

/S/ Maria T. Arsuaga Byrne
MARIA T. ARSUAGA, P.A.
USDC-PR 213701
251 Valencia Ave. #141395
Coral Gables, FL 33145
Phone No. 305 281-7889
maritere.arsuaga@yahoo.com
maritere.arsuaga@gmail.com

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED:** that on this date the undersigned attorney has filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/S/ Maria T. Arsuaga Byrne