AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the
### District of Puerto Rico

| | |
|---|---|
| Hugo Alfonso Sanchez-Gonzalez | ) |
| | ) |
| | ) |
| _____ | ) |
| *Petitioner* | ) |
| | ) |
| v. | ) |
| | ) Case No. _____25-CV-1035 FAB_____ |
| Warden of the Guaynabo Metropolitan Detention Center | ) *(Supplied by Clerk of Court)* |
| of the Bureau of Prisons- Frances Rivera | ) |
| | ) |
| | ) |
| _____ | |
| *Respondent* | |
| *(name of warden or authorized person having custody of petitioner)* | |

## AMENDED PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.    (a) Your full name:    Hugo Alfonso Sanchez Gonzalez

      (b) Other names you have used:    Diego Garcia

2.    Place of confinement:

      (a) Name of institution:    Metropolitan Detention Center Guaynabo

      (b) Address:    P.O. Box 2005

                  Catano, PR 00963

      (c) Your identification number:    63470-298

3.    Are you currently being held on orders by:

    ☑ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.    Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

        (a) Name and location of court that sentenced you:    Southern District of California

        (b) Docket number of criminal case:    17-cr-2201-CAB

        (c) Date of sentencing:    11/14/2018

    ☐ Being held on an immigration charge

    ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5.    What are you challenging in this petition:

    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❐ Disciplinary proceedings

☑ Other (explain):    The inmate had his FSA/FTC credits calculated and deducted.  Onor about June 2024 he received notice that the credits would not be applied pushing back his release date by one year. The resoning was that an immigration detainer indicating final order of removal made him ineligible.

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:   Determination made by Warden of MDC Guaynabo Frances Rivera in June 2024.

(b)  Docket number, case number, or opinion number:    63470-298

(c)  Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

The warden determined that the existence of a detainer indicating a final order of removal lodged with the BOP by the Department of Homeland Security dated September 4, 2019 was sufficient evidence of a final order of remova

(d)  Date of the decision or action:

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes                    ❐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:   MDC Guaynabo Case MAnager- Ms. Valle

(2)  Date of filing:   07/01/2024

(3)  Docket number, case number, or opinion number:    63470-298

(4)  Result:    Denied

(5)  Date of result:   07/02/2024

(6)  Issues raised:    The inmate demanded the credits he had earned under the First Step Act be reinstated. He stated the removal of the credits based on the existence of an immigration detainer was erroneous.  The effect of the removal of his earned credits is that he will not be released until a year later than his originally programmed release of July 20, 2025. The case manager determined a final order of removal would make him ineligible for crediting.  The inmate explained in his appeal that he had not been subjected to a final order of deportation and was thus eligible.  He referenced a case the court deemed an inmate eligible for FTC earned.

(b)  If you answered "No," explain why you did not appeal:

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes                    ❐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   MDC Guaynabo
Unit Manager- Mr. Alvarado

(2) Date of filing:   07/03/2024

(3) Docket number, case number, or opinion number:   63470-298

(4) Result:   Denied

(5) Date of result:   07/17/2024

(6) Issues raised:   The inmate resubmitted his previous appeal with attachments to a higher administrative authority. He alleged the detainer issued did not constitute a final order of removal within the meaning of 18 USC Sec. 3632(d)(4). He requested that the 365 days of earned time credit that had initiall been credited and subsequently vacated be reinstated. He stressed that under the updated policy of the FSA a detainer was not an impediment for FSA eligibility for crediting.

(b) If you answered "No," explain why you did not file a second appeal:

9.  **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑Yes             ☐No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   MDC Guaynabo
Warden Mr. Adan

(2) Date of filing:   07/25/2024

(3) Docket number, case number, or opinion number:   03470-298

(4) Result:   Denied

(5) Date of result:   08/26/2024

(6) Issues raised:   The inmate resubmitted his previous appeals with attachments to the Warden. He raised the issue of his earned credits being removed form calculation after having been awarded based on an erroneous interpretation of his immigration detainer. He explained that under Section 3632(d)(4) a detainer is not a final order of removal and thus cannot result in a determination of ineligibility under the FSA. The warden determined that because of a final order of removal his earned credits could not be restored.

(b) If you answered "No," explain why you did not file a third appeal:

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐Yes             ☑No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes             ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☑ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing:

(3) Case number:

(4) Result:

(5) Date of result:

(6) Issues raised:

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes                    ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:     Regional Administrative Remedy Appeal

(b) Name of the authority, agency, or court:     MDC Guaynabo, Puerto Rico

(c) Date of filing:     09/17/2024

(d) Docket number, case number, or opinion number:     03470-298

(e) Result:     Determined he does not have a final order of removal and is eligible for FSA time credits.

(f) Date of result:     04/10/2025

(g) Issues raised:     The inmate raised the issue that his detainer does not constitute a final order of removal and that he has never received a final deportation order. He requested his earned credits be reinstated for approved and completed programs.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** 18 USC Sec 3632(d)(4) prevents the crediting of earned time credits towards a sentence of supervision if the inmate is subject to a final order of removal. Courts that have considered the issue have found that this requirement is straightforward and thus the prohibition is not subject to administrative discretionary interpretation. Only an order of removal from a judge triggers the prohibition.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner has only received a detainer from the Department of Homeland Security. This has been confirmed by the Regional Administrative Remedy Appeal.

The detainer is not a final deportation order nor evidence of its existence.

The detainer is not evidence of the petitioner being subject to a final order of removal.

Petitioner had been reviewed and awarded time credits even after the issuance of his detainer in 2019.

(b) Did you present Ground One in all appeals that were available to you?

☑Yes          ☐No

**GROUND TWO:** The inmate has fully exhausted all administrative remedies and appeals. He has presented the issue of the erroneous removal of his earned time credits which are resulting in an additional 365 days of incarceration based solely on the existence of a detainer. His projected date of release has now been moved fro July 20, 2025 to July 20, 2026.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The petitioner submitted all appeals required by the BOP staff as evidenced by the attachments of his original petition.

(b) Did you present Ground Two in all appeals that were available to you?

☑Yes          ☐No

**GROUND THREE:** Even if the inmate has not fully exhausted all administrative remedies, the issue presented is a legal issue of the interpretation of 18 USC Sec. 3632(d)(4) and whether the Bureau of Prisons has carried its burden of producing a final order of removal issued by an immigration judge.

We do maintain however, that he has exhausted all remedies.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner has requested a copy of the alleged final order of removal which has never been produced.

Petitioner alleged the document did not exist something that has been confirmed by the Regional Administrative Appeal response dated April 2025.

Petitioner has never appeared before an immigration judge for the purpose of receiving a final order of removal.

(b) Did you present Ground Three in all appeals that were available to you?

☑Yes          ☐No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes                 ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    _____

_____

_____

_____

## Request for Relief

15.  State exactly what you want the court to do:  Inmate requests the Court order BOP to restore his FSA eligibility and to credit the 365 already calculated, and for which he had been found elgible. A declaratory judgment that a detainer by the Department if Homeland Security is not evidence of the existence of a final order of removal nor is it evidence of the inmate being subject to a final order of removal , all within the meaning of 18 USC 3632(d)(4).

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  _6/27/2025_

_____
                                        *Signature of Petitioner*

_____
                                        *Signature of Attorney or other authorized person, if any*