Attachment # 6

**Longo Quinones, Dennise (USAPR)**

| | |
|---|---|
| **From:** | Longo Quinones, Dennise (USAPR) |
| **Sent:** | Monday, July 21, 2025 2:46 PM |
| **To:** | Maria T. Arsuaga Byrne (maritere.arsuaga@yahoo.com) |
| **Cc:** | Llorens, Josuany (BOP) |
| **Subject:** | Hugo Alfonso Sanchez-Gonzalez v. USA 25-1035 (FAB) - Initial Disclosures |
| **Attachments:** | 25-1035 (FAB) DISCOVERY - REMOVAL PROCEEDING ORDERS.pdf |

Dear Counsel:

As you are aware, Federal Rule of Civil Procedure 11 provides the following:

*"By presenting to the court a pleading... an attorney... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ... (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."* Fed. R. Civ. P. 11.

In Paragraph 14 of the Amended Complaint filed on June 27, 2025, against the United States in the above-captioned matter (the "Amended Complaint"), it is alleged that "[t]he petitioner has **never received notice of the commencement of immigration proceedings against him** or under alien number A-205-061-550." Additionally, Paragraph 16 of the Amended Complaint avers that "[t]he petitioner has **never received notice of a final order of removal issued against him** or under alien number A-205-061-550."

On behalf of the United States and the Bureau of Prisons, we hereby provide, as initial disclosures in this matter, the following documents for your ready reference:

1. **Notice to Alien Ordered Removed**, issued by the Department of Homeland Security ("DHS") to your client, Hugo Alfonso Sanchez-Gonzalez, Alien Number A205-061-550, on February 5, 2014, informing him of a five-year prohibition on entering the United States. This notice includes a photograph and fingerprint confirming his removal from the United States on February 6, 2014. (Exhibit 1, p. 1)
2. **Notice and Order of Expedited Removal**, issued by DHS to your client on February 5, 2014, because of entry without inspection at or near San Ysidro, California. (Exhibit 1, p. 2)
3. **Warrant of Removal/Deportation**, issued by DHS on September 4, 2014, which includes a photograph and the signature of your client. (Exhibit 1, pp. 4-5)
4. **Warning to Alien Ordered Removed or Deported**, issued by DHS on September 4, 2014, which informs your client of a 20-year prohibition on reentry following his illegal reentry and reinstatement of the prior removal order pursuant to Section 241(a) of the Immigration and Nationality Act. (Exhibit 1, p. 6)
5. **Notice of Intent/Decision to Reinstate Prior Order**, issued by DHS on September 24, 2014, which your client did not contest. (Exhibit 1, p. 7)

6. **Immigration Detainer – Notice of Action**, issued by DHS on September 4, 2019, against your client, based on the reinstated order, confirmed through biometric data and federal database checks. (Exhibit 1, p. 8)
7. **Immigration Detainer – Notice of Action**, issued by DHS on May 2, 2025, again premised on the reinstated order, and substantiated by biometric confirmation, statements by your client, and ongoing removal proceedings. (Exhibit 1, p. 11)

These documents unequivocally establish the existence of a valid and enforceable order of removal against your client. Further, the documentary evidence demonstrates that your client, in fact, received proper notification of both the commencement of immigration proceedings (on February 6 and September 4, 2014) and the issuance of a final order of removal (on February 5 and September 24, 2014) under alien number A-205-061-550. The referenced orders of removal are final and not subject to further appeal.

Moreover, following the denial of your client's BP-10 appeal to the Regional Director, he failed to submit a BP-11 appeal to the Bureau of Prisons' Office of General Counsel in Washington, D.C. As you are aware, the Administrative Remedy Program, codified at 28 C.F.R. §§ 542.10 et seq., prescribes a sequence of steps for inmate grievances:
(1) initial informal resolution with staff under 28 C.F.R. § 542.13(a);
(2) if unresolved, submission of a formal Administrative Remedy Request (BP-9) to the Warden under 28 C.F.R. § 542.14(a);
(3) if unsatisfied with the Warden's response, appeal of the Warden's decision to the Regional Director on a BP-10 form within 20 days (28 C.F.R. § 542.15(a)); and
(4) if still unsatisfied, final administrative appeal to the Office of General Counsel via a BP-11 form within 30 days.

Exhaustion of these administrative remedies is a prerequisite to the filing of a habeas corpus petition. See *Nygren v. Boncher*, 578 F. Supp. 3d 146, 152 (D. Mass. 2021). According to the allegations in the Amended Complaint, your client has not completed the requisite administrative process.

Considering the documents and information provided, we respectfully request that you re-evaluate the factual and legal bases of your client's claims and consider the voluntary dismissal of the Amended Complaint.

We are available to discuss these matters with you tomorrow afternoon at 2:00 p.m., should you wish to confer in the interest of achieving an expeditious and equitable resolution.

Sincerely,

**Dennise N. Longo Quiñones**
Assistant United States Attorney
Chief, Civil Division, Public Affairs & Community Engagement Division,
and Financial Litigation Program
Office: (787) 282-1928
Mobile: (787) 340-1755
Email: dennise.longo.quinones@usdoj.gov

