UNITED STATES DICTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Hugo Alfonso Sanchez-Gonzalez

    Plaintiff,                               Case No. 25-cv-01035(FAB)

v.

Warden of MDC Guaynabo

    Respondent

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO PETITIONER'S
SECOND MOTION TO DIMISS AND REQUEST FOR ORDER**

**TO THE HONORABLE COURT:**

**COMES NOW**, PETITIONER, through the undersigned attorney, and very respectfully  submits the following Response in Opposition to the United States' Second Motion to Dismiss. Following this Court's Order dated February 2, 2026 denying Respondent's initial Motion to Dismiss, Respondent now seeks a "second bite at the apple" by filing a successive motion based on documents that were available to the government at the time of their first filing.

## I.    INTRODUCTION

Plaintiff filed a pro se Petition for Habeas Corpus Relief seeking reinstatement of 365 days of FSA earned time credit granted by the BOP only to be

1

rescinded later. The Petition was later Amended through the filing of an Amended Complaint.  After several requests for extension of time, on December 18, 2025, the Government filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  (DE 31). Plaintiff subsequently filed a Response in Opposition to the Motion to Dismiss (DE 37). Petitioner requested leave from the Court to file a Reply which was subsequently filed.  On February 2, 2026, the Court issued an Order whereby it denied the Government's Motion to Dismiss on both arguments.  (DE 41).  The following day, the Government filed a Second Motion to Dismiss, this time circumscribing itself to its argument of  failure to state a claim upon which relief may be granted.  (DE 42).

The Government, ignoring the Court's Order and in an effort to unduly delay Petitioner's release date from BOP, attaches, for the first time, new documentation regarding the issue of whether Petitioner is subject to a final order of removal or deportation. We submit to the Court that this is conducted in bad faith, cognizant of the fact that Petitioner's date of release, had the FSA credits been applied, has long passed and his calculated date of release according to the BOP is a mere 5 months away.  Respondent seeks to further postpone this matter, risking it to be a moot point. To grant their Second Motion to Dismiss at this juncture, would severely prejudice Petitioner.

2

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff reincorporates the factual and procedural background previously detailed in Petitioner's initial petition, the Amended Petition and Response to the Government's Motion to Dismiss.

## III.    ARGUMENT

It is undisputed by the procedural record in this case that the Government had multiple opportunities to submit Exhibits 1-3 accompanying its Second Motion to Dismiss but it did not. The failure by the Government to present these documents and the relevance to the issue of whether he was subject to an order of deportation which would render him ineligible for FSA credits, in its multiple filings in the case requires the Court to conclude that it intelligently chose to waive such defense and that the Court is not at liberty to disregard that choice.

The Docket in this case shows that Respondent had multiple opportunities to include the newly attached documentation but failed to do so. Petitioner filed his original Habeas claim on January 21, 2025. (ECF 1). The Government had up to and including February 6, 2025 to respond to this claim but it did not. (ECF 2). Petitioner filed an Amended Complaint on June 27, 2025 (ECF13). The Court ordered the Government to respond to the Amended Complaint by July 11, 2025 (ECF 15), which it failed to do.  On July 21, 2025, counsel for the Government

3

requested 60 days to respond to the Amended Complaint. (ECF 21).  On August 21, 2025, the Court issued an Order instructing the Warden of MDC Guaynabo to file a response no later than October 6, 2025. (ECF 25).  Five days before the due date for the response, and upon the commencement of a government shutdown, the Government filed a Motion to Stay all Proceedings. (DE 27).  Upon the conclusion of the shutdown, the Government requested a 30-day extension of time to file its Answer to Petitioner's Complaint. (ECF 29).  Finally, on December 18, 2025, eleven months after Petitioner's initial *pro se* Habeas Petition, the Government filed a Motion to Dismiss together with six exhibits. (ECF 31). Petitioner filed a Response to the Motion to Dismiss on January 20, 2026. (ECF 37). The Government filed a Reply on January 24, 2026. (ECF 40).  The immigration related documents pertaining to Petitioner that have been filed in conjunction with the Second Motion to Dismiss, were not made part of the record in the initial Motion to Dismiss, nor in the Reply, notwithstanding the Government's opportunity to do so. A mere twenty-four hours after the Court's Order denying the Motion to Dismiss, "new" documents surface.

Under Federal Rule of Civil Procedure 12(g)(2), a party "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion". Respondent's new motion relies on documents which are administrative records maintained by the government. These

records were clearly "available" to Respondent when the first motion and reply motion were filed. By omitting them, Respondent has procedurally forfeited the right to bring a successive motion to dismiss on these grounds.

The timing of Respondent's Second Motion to Dismiss makes clear that these documents were in the possession of the Government and thus Respondent cannot claim it could not have discovered these government-generated documents earlier through due diligence. Although reconsideration of a court's ruling may be considered if **newly discovered evidence** is essential to the issue, the evidence submitted at the eleventh hour by the Government cannot be considered as "newly discovered". See *Ellis v. United States*, 313 F.3d 636, 648 (1st Cir. 2002).

Since the second motion to dismiss is just a re-argument of the first, it may be denied as "law of the case."  This doctrine provides that "unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation."  *Ellis v. United States* at 646 (1st Cir. 2002), citing *Flibotte v. Pa. Truck Lines, Inc., 131 F.3d 21, 25* (1st Cir.1997). "This means that a court ordinarily ought to respect and follow its own rulings, made earlier in the same case."  *Id.* See *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) (explaining that "when a court decides upon a rule of law, that decision should continue to

5

govern the same issues in subsequent stages in the same case").

The Court in Ellis explains that the doctrine of the law of the case serves multiple purposes: (1) it provides litigants with certainty as to their claims; (2) it furthers the abiding interest shared by both litigants and the public in finality and repose; (3) it promotes efficiency by granting a party its day in court, emphasizing that going any further "deprives others of their days in court, squanders judicial resources, and breeds undue delay"; (4) it increases confidence in the adjudicatory process: reconsideration can result in inconsistencies. See *Ellis*, at 648.

Respondent is engaging in dilatory tactics in a case where Respondent's liberty is at stake. Because this Court has already denied Respondent's initial request for dismissal, this successive motion is a transparent attempt at "piecemeal litigation". Respondent's failure to bring the mentioned documentation beforehand constitutes a waiver. The Court should not allow Respondent to repent for their procedural failure at Petitioner's expense as it is merely an improper "second bite at the apple."

For the reasons set forth above, Plaintiff respectfully requests the Court DENY the Government's Motion to Dismiss and GRANT his Petition for Habeas Corpus. Plaintiff further requests for an Order of release to be issued to the BOP.

**WHEREFORE**, it is respectfully requested that this Honorable Court deny Respondent's Motion to Dismiss and Grant Petitioner's Habeas Corpus Relief Petition. He further requests that an Order of Release from BOP custody be issued forthwith.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16th day of February, 2026.

> *s/ Maria T. Arsuaga Byrne*
> MARIA T. ARSUAGA, P.A.
> USDC-PR 213701
> 251 Valencia Ave. #141395
> Coral Gables, FL 33145
> Phone No. 305 281-7889
> maritere.arsuaga@yahoo.com
> maritere.arsuaga@gmail.com

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED:** that on this date the undersigned attorney has filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/S/ Maria T. Arsuaga Byrne